**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10093 |
| Plaintiff - Appellee, | D.C. No. 1:08-CR-00295-DAE |
| v. | |
| ARNOLD LUNA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted February 11, 2010[**]
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON and BEA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arnold Luna ("Luna") appeals his conviction for distributing methamphetamine within 1000 feet of a community college in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). We affirm.

1.      The district court did not violate Luna's constitutional right to testify in his own defense. A criminal defendant can waive his right to testify at trial, so long as the waiver is knowing and voluntary. *Unites States v. Pino-Noriega*, 189 F.3d 1089, 1094 (9th Cir. 1999). The district judge informed Luna of his right to testify, and asked Luna if he was giving up that right. Luna responded yes, and did not otherwise tell the district court he wanted to testify. This was an effective waiver.

2.      We cannot review Luna's claims that his trial counsel was ineffective because he raises them on direct appeal. *See United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). There are two exceptions to this rule: where the record is adequately developed, and where counsel's performance is so obviously inadequate as to violate the Sixth Amendment. *Id.* Neither exception is met here.

3.      The district court did not abuse its discretion when it refused to grant Luna's motion to substitute counsel on the morning of trial. The judge immediately held an *ex parte* hearing to investigate the matter, concluded that there was not a conflict between Luna and his trial counsel, and held the motion was untimely.

This was not an abuse of discretion. *See United States v. Corona-Garcia*, 210 F.3d 973, 976 (9th Cir. 2000).

**4.**     The evidence adduced at trial and the reasonable inferences that could be drawn therefrom are sufficient to prove defendant's guilt beyond a reasonable doubt. A rational juror could have found each element necessary to convict Luna of aiding and abetting the distribution of methamphetamine. *See United States v. Carranza*, 289 F.3d 634, 641 (9th Cir. 2002).

**5.**     Luna's indictment was sufficient to support his conviction for distribution of methamphetamine on an aiding and abetting theory of liability even though the indictment did not charge him with aiding and abetting. "Aiding and abetting is implied in every federal indictment for a substantive offense." *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990).

**AFFIRMED.**